SOUTHERN  RAILWAY  COMPANY  et al.  *v.*  HAMBLEN
COUNTY et al.

(*Knoxville.*   September Term, 1906.)[1]

1.  **TAX LEVIES BY COUNTY COURT.**  Special tax levied
by county court must be so denominated; phrase "pauper
tax" is insufficient, when.

A special tax levied by the quarterly county court for the build-
ing or the repairing of the county poorhouse must be so de-
nominated, and such tax cannot be validly levied under a gen-
eral phrase as "pauper tax."

Case cited and approved:  Railroad v. Hamblen Co., 115 Tenn.,
532.

2.  **SAME.**   Special tax for support of the poor is not author-
ized, for it is a general county purpose.

The quarterly county court's levy of a special tax denominated
"pauper tax" is not authorized by law, and is void; because
there is no statute authorizing the levy of a special tax for the
support of the poor, which is a general county purpose, and for
which appropriations may be made out of the general county
funds.

Code cited and construed:  Secs. 2685, 2689, 6045, subsec. 3 (S.);
secs. 2108, 2112, 4987, subsec. 3 (M. & V.); secs. 1601, 1605, 4215,
subsec. 3 (T. & S. and 1858).

3.  **SAME.**   Special tax levy for workhouse changed by sub-
sequent amendment or new levy for courthouse improve-
ments only.

The quarterly county court's levy of a "special tax for main-
tenance of county workhouse, vault and water-closet improve-
ments," at a certain rate, subsequently "amended" so as to
strike out the words "for maintenance of county workhouse,"
left no attempt to levy or collect a special tax for the main-

tenance of the workhouse, whether the subsequent action was in fact an amendment or a new levy for the courthouse improvements named.

4. **SAME.** **Special tax levy for vault and water-closet improvements for courthouse may be made under statute.**
The quarterly county court may levy a special tax for vault and water-closet improvements for the courthouse under a statute (Shannon's Code, sec. 503) authorizing the levy of a special tax for the erection and maintenance of a courthouse, and keeping the same in repair.

Code cited and construed: Sec. 503 (S.); sec. 468 (M. & V.); sec. 419 (T. & S. and 1858).

5. **SAME.** **Special tax levy for current year may be modified by amendment or new levy made at succeeding January term, and the tax collected for the year of the original levy.**
The quarterly county court's levy of a special tax made at its April term for the current year, may be modified by a subsequent levy, or amendment of levy, made at the succeeding January term, by striking out the void or voidable part of the previous levy; and the levy so made legal may be enforced by the collection of the special tax for the year of the original levy.

Code cited and construed: Secs. 648, 649, 6013 (S); secs. 565, 566, 4968 (M. & V.); secs. 488, 489, 4193 (T. & S. and 1858).

Case cited and approved: McLean v. State, 8 Heisk., 250.

## FROM HAMBLEN.

Appeal from the Circuit Court of Hamblen County.— G. MC. HENDERSON, Judge.

Railroad v. Hamblen Co.

McCANLESS & TATE, SUSONG & BIDDLE and HOLLOWAY & DONALDSON, for Railroad.

HICKEY & HICKEY, for Hamblen County.

MR. JUSTICE WILKES delivered the opinion of the Court.

This is a proceeding by *certiorari* to supersede the execution of two distress warrants issued by the trustee of Hamblen county, one against the Southern Railway and the other against the Knoxville & Bristol Railway, for taxes, as hereafter stated. At the April term, 1905, of the quarterly court of Hamblen county, that body levied a tax for the year 1905, in the following language and terms:

"Be it ordered by the court that the following rate of taxes be and the same is hereby laid on all real and personal property and polls in Hamblen county, Tennessee, for the year 1905:

| | |
|---|---|
| County tax proper on the $100 valuation ........ | $0.30 |
| School tax on the $100 valuation .... ........ .... | .10 |
| Pauper tax on the $100 valuation .... ........ .... | .10 |
| Railroad tax on the $100 valuation............ | .05 |
| Highway tax on the $100 valuation .... ........ .... | .10 |
| Pike tax on the $100 valuation .... .... ........ | .35 |
| Special tax for maintenance of county workhouse, vault and water-closet improvements ..... .. | .10 |
| Polls ...... ...... ..../.. ...... ...... ...... | .50 |

"It is further ordered that all privileges shall be the same as that laid by the State, except that the county tax on marriage license shall be fifty cents and on merchant stock *ad valorem* tax for county purposes the same tax as that laid on real and personal property."

At the January term, 1906, the quarterly court of the county passed an order in these words:

"Be it ordered by the court that the levy made by this court at the April term, 1905, be so amended as to strike out the words, 'For the maintenance of county workhouse' and leave the same so as to read, 'vault and water-closet improvements' for courthouse only."

The taxes imposed by these orders have been paid by the companies, except the pauper tax of ten cents and the special tax for vault and water-closet improvements of ten cents, and the insistence is that these are special taxes which the county court had no authority to levy.

We think that we are not, under this record, called upon to pass upon the question whether the county court may levy a special tax for the erection, maintenance, or repair of the county poorhouse, or asylum for the poor, as the tax in this case was clearly intended for the support of the paupers themselves, and there is nothing indicating that it was expected to be applied to the erection of a county asylum, or for repairs upon the same, except so far as such repairs might come under the head of current expenses. And this is virtually conceded in the argument and presentation of the case, and it is asserted that such special tax has annually been levied for

the support of paupers in Hamblen and other counties.

It further appears from the agreed statement of facts that the county was, at the time of the levy of this pauper tax in controversy, the owner of a county poor farm, upon which there were then county buildings, for the care, maintenance, and shelter of the paupers of the county.

If it were the intention of the county court to make this a special tax for the building or the repairing of the county poorhouse, it should have been so specified. *Southern Ry. Co.* v. *Hamblen County,* 115 Tenn., 532, 92 S. W., 238.

And in the absence of such specification, we must conclude that the tax was intended to be applied to the support of the poor, lunatics, and idiots; but this is a general county purpose, as provided in section 6045, subsection 3 of Shannon's compilation; and the county court had the authority, under this statute, to appropriate money for that purpose.

But it has no authority to appropriate money for any other purpose than those enumerated under this section, unless specially provided by law.

We have not been able to find any provision of the statutes authorizing the levy of a special tax for the support of the poor, but it is clearly contemplated that money for such purpose shall be drawn out of the general county fund provided by the general levy for county purposes. Shannon's Code, sections 2685, 2689.

We are of opinion, therefore, that this special levy

denominated "pauper tax," is not authorized by law, and the court below was correct in so holding.

In regard to the other tax complained of, we think it unnecessary to determine the question whether this order of the court, providing for the levy of this tax for vault and water-closet improvement for courthouse only, made the 1st of January, 1906, is an amendment of the levy previously made in 1905, or a new levy made the 1st of January, 1906. It is spoken of in order as an amendment, but it may equally as well be considered a new levy for vault and water-closet improvement for the courthouse.

In either event, the county is not now attempting to impose and collect a special tax for maintenance of county workhouse.

It is unnecessary, therefore, to determine whether the county court should impose a special tax for the maintenance of a county workhouse.

There is no question but that the erection, maintenance, and keeping in repairs of the courthouse is a purpose for which the county court is authorized to levy a special tax; and this is the tax which is being attempted to be enforced. Shannon's Code, 503.

The only question that remains is whether the special tax, levied for the year 1905, could be levied at the January term, 1906.

Under the statutes, sections 648, 649, 6013, Shannon's Code, it is provided, in substance, that the county court shall levy a tax for the current year and fix the rate at the first term in the year, but, if it omit that duty at

Railroad v. Hamblen Co.

that term, it shall do so at the April term, or any subsequent term thereafter.

It was held in McLean's Case, 8 Heisk., 250, that a levy for the preceding year may be made at any term during the succeeding year for general purposes, and we can see no reason why it should not have the same right and power to make a levy for special purposes which it had failed to make at a previous term, or which it had made in an irregular and illegal way.

The county court in levying taxes acts in a legislative, and not in a judicial, capacity, and there is no constitutional or legislative provision making the act of the county court in once levying a tax final irrevocable, or not subject to amendment.

The general rule is that the exercise of the taxing power one time is not final or conclusive, so as to prevent the levy from afterwards being amended. 27 Am. & Eng. Encyc. of Law (2d Ed.), pp. 617, 618, 732.

We are of opinion that if the tax levy made in 1905 was merely irregular and voidable, then it could be remedied and amended by the levy made in 1906. If it was absolutely void, then the county court might make a levy in 1906, without reference to its void action in 1905.

We are of opinion, therefore, that there is no error in the judgment of the court below, that the special pauper tax levied is void, but that the tax levied January 1, 1906, for vault and water-closet improvement for courthouse only, was valid and enforceable.

The cost of the appeal will be equally divided between the parties. The cost of the court below will remain as adjudged by the court below.