# R. M. REAMS v. BOARD OF MAYOR & ALDERMEN OF McMINNVILLE.*

## (*Nashville*. December Term, 1926.)

Opinion filed, March 12, 1927.

1. MUNICIPAL CORPORATION. Corporate purposes. Land beyond corporate limits.

Municipalities may acquire, under section 1363, Code of 1858, Shannon's Code, section 1922, land beyond corporate limits for corporate purpose, and Acts incorporating enumerating some purposes will be construed with above section conferring power on all municipalities to hold realty beyond corporate limits for corporate purposes; and without this express statutory declaration, the authorities tend to the conclusion that power to acquire, implies power to hold for the corporate use beyond the corporate limits. (Post, p. 226.)

Citing: Acts 1875, ch. 92, sec. 17; Acts, First Extra Session of 1885, ch. 19; Acts 1913, First Extra Session, ch. 50, incorporating to town of McMinnville, and Acts Amendatory.

Citing: R. R. v. County Court, 1 Sneed, 667; University v. Knoxville, 6 Baxt., 166; Newman v. Ashe, 9 Baxt., 380; Memphis v. Hastings, 113 Tenn., 153.

2. SAME. Same. Same. School system.

The establishment of a school system and its maintenance through the exercise of the taxing power is a municipal purpose. (Post, p. 226.)

Citing: Ransom v. Rutherford County, 123 Tenn., 25.

3. SAME. Taxpayers' suit. Illegal acts.

The taxpayer may maintain the suit to restrain action by the municipal authorities only when they are acting illegally, and when

---

*On right of taxpayer in absence of statute, to enjoin unlawful expenditures by municipality, see annotation in 38 L. R. A. (N. S.), 8; 19 R. C. L., 1164.

the effect of their illegal action will impose an additional burden of taxation. (Post, p. 225.)

Citing: 19 R. C. L., 1163.

4. SAME. Same. Same. Injunction.

The right of taxpayers to resort to a court of equity to enjoin county and municipal authorities from transcending their lawful powers or violating their legal obligations, is well established if such conduct would impose a burden of taxation, for the imposition of such burden upon taxpayers is not common to citizens who pay no taxes. (Post, p. 225.)

Citing: Colborn v. Chattanooga, 2 Shan. Cas., 22; Kennedy v. Montgomery, 98 Tenn., 165; Patton v. Chattanooga, 108 Tenn., 222.

5. SAME. Same. Same. Same.

If the conduct does not affect the private rights of the citizen, but touches public rights, common to all, the redress must be through the proper officials, because the bill can only be maintained to protect private rights if brought by the taxpayer who cannot maintain it in the assertion of a right common to all citizens of the town. (Post, p. 225.)

---

*Headnotes 1. Municipal Corporations, 28 Cyc., p. 1736; 2. Municipal Corporations, 28 Cyc., pp. 616, 1744; 3. Municipal Corporations, 28 Cyc., pp. 258, 266.

---

FROM WARREN.

---

Appeal of both parties from the Chancery Court of Warren County.—HON. T. L. STEWART, Chancellor.

EWELL & EWELL and J. J. FINLEY, for Reams.

TURNER & HASTON and F. H. MERCER, for Board of Mayor, etc.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed to enjoin the Board of Mayor & Aldermen from locating a high school building beyond the corporate limits of the town. It is charged in the bill that the Board first purchased from the complainant and paid $7500 for a school site within the corporate limits, and that the site so acquired is altogether suitable for school purposes.

It is also charged that there are other suitable locations within the corporate limits that can be acquired, but that the Board abandoned the location on the property secured from complainant and acquired a site from one Ross near the town, but beyond the corporate limits, on which it is proposed to erect the school building. It is charged that the abandonment of the site acquired from complainant and the failure to establish the school on that or other suitable lots within the corporate limits is an abuse of discretion and an unauthorized diversion of the school funds.

By the amended bill it is charged that the location of the school on the Ross lot will require the laying out and construction of additional sidewalks at great cost in order to make the location accessible, and that such approaches will entail an extra burden of taxation upon complainant and other taxpayers, and that complainant is specially injured by the act of the Board of Mayor & Aldermen.

The Chancellor overruled the several grounds of demurrer which challenged complainant's right to maintain a taxpayer's bill to enjoin the board from locating the school on the Ross lot, without showing special injury to him apart from the body of citizens of the town, but the court sustained other grounds of demurrer and dismissed the bill holding that the board charged with the duty of providing school facilities for the town, and

clothed with power to select a site and erect the building, could locate it within or without the corporate limits. Both parties appealed and have assigned error.

Through assignments of error the complainant insists that the Chancellor error in holding that the school could be located beyond the corporate limits, and the defendants insist that the Chancellor should have held upon the facts recited in the bill, that complainant cannot maintain the suit because he does not show that he will suffer any special injury apart from citizens of the town.

The right of taxpayers to resort to a court of equity to enjoin county and municipal authorities from transcending their lawful powers, or violating their legal oblitigations, is conceded by all the authorities, if such conduct would impose a burden of taxation, for the imposition of such burden upon taxpayers is not common to citizens who pay no taxes. *Colburn* v. *Chattanooga,* 2 Shan. Cas., 22; *Kennedy* v. *Montgomery County,* 98 Tenn., 165; *Patton* v. *Chattanooga,* 108 Tenn., 222.

The taxpayer may maintain the suit to restrain action by the municipal authorities only when they are acting illegally, and when the effect of their illegal action will impose an additional burden of taxation. 19 R. C. L., 1163.

If the conduct does not affect the private rights of the citizen, but touches public rights common to all, the redress must be through the proper officials because the bill can only be maintained to protect private rights if brought by the taxpayer who cannot maintain it in the assertion of a right common to all citizens of the town. Therefore, the right of complainant to maintain the suit depends upon whether the Board of Mayor & Aldermen, in selecting the Ross lot as the location, transcended their

155 Tenn.—15.

lawful power or committed an unlawful or prohibited act that would increase taxation, or result in an additional expenditure of municipal 'funds, thus injuring the tax-payer to the exclusion of non-taxpaying citizens.

The charter of McMinnville and subsequent enabling Acts, specially chapter 19, Acts First Extra Session of 1885, chapter 50, Acts First Extra Session of 1913, conferred power upon the Board of Mayor & Aldermen to select sites, erect buildings, and establish public schools and maintain them through the imposition of taxes. There is no charge of an absence of power or an unauthorized exercise of power other than in the selection of the site beyond the corporate limits, and which the bill states is near the town.

McMinnville was incorporated under the Acts of 1875, and the Amendatory Act of 1877, and complainant insists that this general incorporation Act authorizes the acquisition of property by the corporation to the uses of cemeteries, waterworks, hospitals, poor houses and work houses, and by its silence on the subject excludes the power to locate a school beyond the corporate limits.

The powers enumerated in Section 17, Chapter 92, Acts of 1875, must be construed together with section 1363, of the Code of 1858, (Shannon's Code, Section 1922). Section 1363, Code of 1858, is as follows:

"All municipal corporations may, for corporate purposes, hold real estate beyond their corporate limits."

The establishment of a school system and its maintenance through the exercise of the taxing power is a municipal purpose. *Ransom* v. *Rutherford County,* 123 Tenn., 25.

The provision of Section 17, Chapter 92, Acts of 1875, is not repugnant to or inconsistent with that of section 1363 of the Code, and the Act cannot be said to repeal

the Code provision by implication. The provision of the Code above quoted expressly confers power upon the municipality to hold real estate beyond the corporate limits for corporate or municipal purposes. Without this express statutory declaration, the authorities tend to the conclusions that power to acquire and hold property implies power to acquire and hold it for strictly corporate use beyond the corporate limits.

It is said in *Railroad* v. *County Court,* 1 Sneed, 667, that:

"The common argument that the power of a county or town corporation is confined to their limits has been everywhere met and refuted or exploded. And the kindred argument that, to constitute a town or county purpose, the improvement or object for which the people are taxed must be entirely within their borders, has suffered the same fate."

This conclusion rests upon the theory that while municipal corporations take nothing, in the way of powers granted from the sovereign, except what is expressly given, yet when a power is conferred, which in its exercise concerns only the corporation and can wrong or injure no one, there is no reason for applying a strict or literal construction that would hinder or circumscribe a reasonable exercise of the powers granted. Upon this view our court held in *University* v. *Knoxville,* 6 Bax., 166, and *Newman* v. *Ashe,* 9 Bax., 380, that a municipal corporation could devote municipal funds to the maintenance of a school beyond the corporate limits, and could acquire and hold property beyond the corporate limits for strictly corporate uses. *Memphis* v. *Hastings,* 113 Tenn., 153.

In the location and establishment of the school the Mayor & Aldermen were acting in the reasonable exer-

cise of discretionary powers conferred upon them by Statute, and they did not transcend their powers in selecting a site beyond, but near, the corporate limits of the town, and complainant cannot maintain his suit to restrain the exercise of powers conferred upon the board.

The Chancellor should have sustained all the grounds of demurrer. As thus modified his decree is affirmed.