MINOR BUFORD et al.

*v.*

STATE BOARD OF ELECTIONS.

(*Nashville,* December Term, 1959.)

Opinion filed April 6, 1960.

Rehearing denied May 4, 1960.

JAMES H. RENEAU, JR., Celina, HOOKER & HOOKER, Nashville, for respondents.

JACK WILSON and THOMAS E. FOX, Assistant Attorneys General, for defendants.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

This case was brought to this Court on an application for the writs of certiorari and supersedeas to the Circuit Court of Davidson County.

In order for a proper understanding of the issues it is necessary to give a history of the case.

On October 16, 1959, the State Board of Elections met at Nashville, Tennessee, and appointed a number of commissioners of elections for several counties of the State, and specifically appointed Frank Thurmond and Edward Mayfield as two of the commissioners of elections for Clay County.

On December 8, 1959, Minor Buford and others, citizens and residents of Clay County, filed their petition against the State Board of Election Commissioners in the Circuit Court of Davidson County, praying for a writ of certiorari, and a declaration that the appointment of the commissioners of elections for Clay County was null and void, and that the court require the State Board of Elections to have a full, open and public hearing with proper notice as required by law.

Subsequently, the writ of certiorari was issued and served upon the Board of Elections on the 15th day of December, 1959, commanding them to certify their entire records to the Circuit Court of Davidson County on or before the 15th day of December, 1959, that being the same date of which the Board was served with the writ of certiorari.

Thereupon, the Board, on the 15th day of December, 1959, the same date they were served with the writ of certiorari, filed their motion to quash the writ of certiorari and dismiss the petition on the following grounds:

(1) that the petitioners were without authority to maintain the action; (2) that the petition failed to aver that any legal rights of the petitioners had been violated; and (3) that the petition failed to aver a state of facts authorizing the court to grant a fiat for the issuance of the writ of certiorari.

On the 30th day of December, 1959, the Board filed a motion for leave to amend their motion to quash the writ of certiorari and dismiss the petition, said motion having been filed on the 15th day of December, 1959, by adding the following grounds: (1) that the court was without jurisdiction to entertain the petition; (2) that the court was without jurisdiction to grant the fiat for the issuance of the writ of certiorari; and (3) that the writ of certiorari was not issued in accordance with the fiat granted by the court.

The motion of the Board to quash the writ of certiorari and dismiss the petition was heard on the 8th day of January, 1960.

On January 29, 1960, the Circuit Judge announced that he was of the opinion that the motion to quash the writ of certiorari and dismiss the petition was not well taken and should be overruled.

On January 29, 1960 the same date the Circuit Court Judge announced his decision on the motion, the Board filed with the clerk a certified copy of the proceedings before the State Board of Elections, in compliance with the writ of certiorari.

The Board then filed its petition for certiorari and supersedeas and charged that the fiat of the Circuit Judge was erroneous, illegal, and void because the court

was without jurisdiction to entertain the petition since said petition was filed by private citizens seeking to review the action of the State Board of Elections, a public body, and said private citizens failed to aver such special interest or special injury as would entitle them to maintain the action, notwithstanding the petition below charged many irregularities, including fraud on the part of Thurmond and Mayfield, two of the Clay County Commissioners.

Argument has been heard in this Court on the merits of this petition for certiorari and supersedeas.

It is assigned as error that the Circuit Judge erred in failing to find and hold that the petitioners, Minor Buford, et al., were without authority to maintain the action.

It is insisted that petitioners below were private citizens and as such cannot maintain an action complaining of the wrongful acts of public officials unless such private citizens aver a special interest or a special injury not common to the public generally. *Patton v. City of Chattanooga,* 108 Tenn. 197, 65 S.W. 414; *Jared v. Fitzgerald,* 183 Tenn. 682, 195 S.W.2d 1; *Skelton v. Barnett,* 190 Tenn. 70, 227 S.W.2d 774.

It has been held that the courts are without jurisdiction to pass on questions of a judicial nature unless such jurisdiction is invoked by parties having a special or peculiar interest in the question. *Patton v. City of Chattanooga,* supra, *Jared v. Fitzgerald,* supra, and *Skelton v. Barnett,* supra.

The original petition presents the question of whether the Circuit Court of Davidson County may lawfully entertain a petition for the writ of certiorari, filed

by private citizens who do not aver a special interest or a special injury, to review the official acts of the State Board of Elections.

On January 29, 1960, the Circuit Judge announced that he was of the opinion that the motion to quash the writ of certiorari and dismiss the petition was not well taken and should be overruled. Thereupon, this application for certiorari was filed in this Court claiming that the action of the Circuit Judge was beyond his jurisdiction and illegal.

This petition was granted by a member of this Court, and the case put down for argument. When reached on the docket the case was fully argued at the Bar of this Court.

The petitioners below, Minor Buford and others, simply described themselves as citizens and residents of Clay County, and as registered voters and citizens of that County. They do not show that they were authorized to speak for the citizens of Tennessee regarding the procedure followed by the State Board of Elections.

The petition below charged that the reappointment of the Clay County Election Commissioners is illegal, unlawful and without the jurisdiction of the State Board of Elections, and that said reappointment was null and void from the beginning, and that the petitioners below were entitled to an adjudication by the Circuit Court of Davidson County upon the merits of the cause, to determine the above and additionally determine whether or not there existed fraud, arbitrariness and illegality in the appointment, and that an order be entered declaring the reappointment of the Clay County Election Commissioners null and void.

Now, the petitioners below, as mere private citizens, have come into court asking the court to find and declare that the State Board of Elections has acted improperly and that the appointment of the members of the Clay County Election Commission is void.

■ Can the petitioners, as mere private citizens, maintain such action?

Does the Circuit Court of Davidson County have jurisdiction to entertain such action?

In 39 Am.Jur., "Parties", Section 11, P. 865, reads as follows:

"Public wrongs or neglect or breach of public duty cannot be redressed at a suit in the name of an individual or individuals whose interest in the right asserted does not differ from that of the public generally, or who suffers injury in common with the public generally, even, it seems, though his loss be greater in degree, unless such right of action is given by statute."

The leading case on the question is *Patton v. City of Chattanooga,* supra, and this case has been consistently followed in a number of adjudications through *Skelton v. Barnett,* 190 Tenn. 70, 227 S.W.2d 774.

■ The petitioners below seek to circumvent the general rule by contending that they had a legal right to be heard by the State Board of Elections, and that such alleged legal right was denied them, and that they therefore are authorized to bring the State Board of Elections into court and require such Board to hear them.

An examination of Section 2-911, T.C.A. shows that there is no requirement that the Board hear anyone. The pertinent part of Section 2-911 reads as follows:

"All meetings of the state board of elections * * * shall be held open to the public."

This section makes no provision for hearings as to the fitness of applicants for appointments or for protests as to such appointments. It merely holds that the meetings shall be open to the public.

We do not think that the petitioners would be entitled to be heard at the meetings of the Board, except by permission of the Board, as is true in the case of other public bodies such as the houses of the General Assembly, quarterly courts, and city councils.

If this were not true, the Board would be in no position to control its own meetings and dispose of any item of business. There is no requirement that the Board hear the Clay County citizens.

Then to the basis of the complaint made by the petitioners below was that the members, or some of the members, of the Clay County Election Commission were not properly qualified and therefore they should not be reappointed by the State Board of Elections.

■ We are of the opinion that whether a member of a county election commission is qualified for the office is a political question. The determination of this political question rests entirely with the State Board of Elections. *Jared v. Fitzgerald*, 183 Tenn. 682, 195 S.W.2d 1.

The petitioners below appealed to the Court on the basis of correcting what they say is a wrong but they fail to invoke any legal authority in support of their position. If their contention should be accepted, any citizen could at any time protest any appointment made by the State Board of Elections and, upon being rejected,

could seek a review in the trial courts. The result would be the substitution of the trial court's opinion for that of the State Board of Elections where it is placed by law.

The petitioners below, one group of citizens, of Clay County, might go before the State Board of Elections and protest an appointment one week, and the next week another group, an opposing group, might go before the Board and complain of the Board's failure to make the appointment. Of course this could not be done.

The original petitioners discussed in argument the leading case of *McKee v. Board of Elections,* 173 Tenn. 269, 117 S.W.2d 752.

However, in that case this Court simply held that the jurisdiction was in the courts of Davidson County and where the State Board of Elections had its situs and held that the suit could not be brought in Shelby County, where the alleged aggrieved parties resided.

It results that we are of the opinion that the Circuit Court was without jurisdiction to entertain the petition below, and his action in sustaining the petition for certiorari and supersedeas will be reversed and the petition dismissed, and the writ of certiorari and supersedeas will issue from this Court as prayed by the Board of Election Commissioners, and the petition of the original petitioners, Minor Buford and others, will be dismissed and the costs will be paid by said original petitioners.