WILLIAM E. BADGETT, Appellant,

*v.*

LEONARD R. ROGERS and EDWARD C. SNODDY, Appellees.

436 S.W.2d 292.

(*Knoxville,* September Term, 1968.)

Opinion filed December 6, 1968.

Petition for Rehearing Denied January 31, 1969.

Jewell K. Watson and W. E. Badgett, Knoxville, for appellant.

W. P. Boone Dougherty, Knoxville, for appellees, Bernstein & Dougherty, Knoxville, of counsel.

Mr. Justice Creson delivered the opinion of the Court.

This cause is before this Court on appeal from a judgment of the Chancery Court of Knox County, Part I, sustaining a demurrer and dismissing the case.

The parties will be designated herein as they appeared in the court below; that is, William E. Badgett as complainant, and Leonard R. Rogers and Edward C. Snoddy as defendants. Defendant Rogers is the Mayor of Knoxville, and defendant Snoddy is the Finance Director of Knoxville.

Complainant brought this action as a "citizen and taxpayer of the City of Knoxville, in his own behalf and in behalf of all others in like circumstances who live and own taxable property within the corporate limits of the City of Knoxville, for the use and benefit of the City of Knoxville."

Complainant insists (1) that Section 20, Charter of the City of Knoxville, fixes the salary of the Mayor at $15,000 per annum; (2) that from January 1, 1964 to the present time, defendant Rogers has accepted $3,000 per annum, in addition to his salary, as an "expense account" for which he makes no accounting; (3) that this "expense account" is in addition to another such account for which defendant Rogers does make an accounting; (4) that the City of Knoxville is a "home rule" municipality, pursuant to Article 11, Section 9, Consti-

tution of Tennessee, and that the Charter of the City of Knoxville may not be amended by means other than those prescribed by the Constitution; (5) that defendant Rogers has received "unlawful and unconstitutional" payments from the coffers of Knoxville, with the knowledge and aid of defendant Snoddy, in his capacity as Finance Director; and (6) that, therefore, defendant Snoddy's acts in paying to defendant Rogers the sum of $3,000 per annum constitute a misappropriation of the funds of the City, for which defendant Rogers is personally liable.

Complainant prayed that he recover $9,000 from defendant Rogers "for the use and benefit of the City of Knoxville" and that defendant Snoddy be enjoined from paying to defendant Rogers, as salary, any sum in excess of $15,000 per year.

The defendants filed a demurrer which, in essence, insisted (1) that the complainant lacked proper standing to sue and thus could not be afforded the relief prayed; and (2) that, for reasons stated, the original bill does not allege a maintainable cause of action.

The Chancellor sustained the demurrer and dismissed the cause. Complainant excepted to the order of dismissal and an appeal was prayed and granted.

Complainant files the following assignment of error: "The learned Chancellor erred in sustaining the demurrer and dismissing the original bill." This assignment is manifestly insufficient in form and substance, under the Rules of this Court, to require this Court's consideration. See Rule 14, Rules of Supreme Court of Tennessee, 218 Tenn. 814. Nevertheless, because of the nature of this case, we shall discuss the basic problem.

The demurrer filed in the court below and the action of the court upon the demurrer pose a procedural issue which may be stated as follows: Does an individual citizen and taxpayer of a municipality have standing to seek relief against municipal officials for alleged misappropriation or misuse of tax funds?

The cases which treat of the standing of a taxpayer to sue municipal officials apparently determine standing to sue because of compatibility or the lack of it, in the case presented, with the following considerations: On the one hand, it is undeniably the right of a taxpayer to know that his taxes are expended properly and are not unlawfully diverted or misused. On the other hand, the courts have long recognized the necessity of allowing municipal officials to perform their duties without interference from frequent and possibly frivolous litigation and the inexpedience of putting municipal officers at hazard to defend their acts whenever any member of the community sees fit to make the assault, whether for honorable motives or not. The courts have been commensurately reluctant to usurp or supersede the discretion of municipal authorities to determine which municipal undertakings are necessary and appropriate.

In seeking to achieve a workable accommodation between these considerations, the courts have looked to (1) the nature of the wrong; that is, is it a wrong on the public and common to all citizens and taxpayers of the municipality, or is it restricted in effect as of special interest only to the litigant; and (2) the nature of the allegedly illegal official action; that is, for example, the granting of a franchise, the organization of a county or municipality, the election or selection of officials, or, on the other hand, the handling or disposition of tax funds.

The balancing of these considerations has been a long, delicate and difficult process.

▮ As a general rule of long standing in Tennessee, individual citizens and taxpayers may not interfere with, restrain or direct official acts, when such citizens fail to allege and prove damages or injuries to themselves different in character or kind from those sustained by the public at large.

▮ An action by citizens and taxpayers of a municipality questioning the conduct of the municipality or its officers is ordinarily dependent upon averment of a special injury, status or relation affecting, individually, the citizen attempting to prosecute the action. Generally, the prime test of this inquiry as to special injury or interest is that it not be common to the body of citizens as a whole. In a proper case, absent such averment, it is the duty of the trial judge to dismiss the cause.

Such has long been the rule in Tennessee. See *Patton v. City of Chattanooga* (1901), 108 Tenn. 197, 65 S.W. 414; *Wilkins et al. v. Chicago, St. Louis and New Orleans Railroad Co., et al.* (1903), 110 Tenn. 422, 75 S.W. 1026; *Richardson et al. v. Young, et al.* (1909), 122 Tenn. 471, 125 S.W. 664; *Sherrill v. Thomason* (1921) 145 Tenn. 499, 238 S.W. 876; *Reams v. Board of Mayor and Aldermen of McMinnville* (1927), 155 Tenn. 222, 291 S.W. 1067; *Coleman v. Henry* (1947), 184 Tenn. 550, 201 S.W.2d 686; *Walldorf et al. v. City of Chattanooga et al.* (1951), 192 Tenn. 86, 237 S.W.2d 939; *Buford et al. v. State Board of Elections* (1960), 206 Tenn. 480, 334 S.W.2d 726; *Country Clubs, Inc. v. City of Knoxville* (1965), 217 Tenn. 104, 395 S.W.2d 789.

■ Thus, without averment by the complaining litigant of a special interest, status or wrong, the courts have not permitted citizens to interfere with the granting of a franchise, *Patton v. Chattanooga* (1901), 108 Tenn. 197, 65 S.W. 414; with a municipal contract, *Wilkins et al. v. Chicago, St. Louis and New Orleans Railroad Co. et al.* (1903), 110 Tenn. 422, 75 S.W. 1026; with the initiation of new housing projects, *Walldorf et al. v. City of Chattanooga et al.* (1951), 192 Tenn. 86, 237 S.W.2d 939; with the selection of county officials, *Buford et al. v. State Board of Elections* (1960), 206 Tenn. 480, 334 S.W.2d 726, or, with the relocation of school facilities, *Reams v. Board of Mayor and Aldermen of McMinnville* (1927), 155 Tenn. 222, 291 S.W. 1067.

■ However, the courts have recognized an exception to the general rule where it is asserted that the assessment or levy of a tax is illegal or that public funds are misused or unlawfully diverted from stated purposes.

Thus, relief has been granted where officials entered into a contract which would have diverted funds from their authorized purpose, *Pope, et al. v. Dykes et al* (1905), 116 Tenn. 230, 93 S.W. 85; where the unconstitutional formation of a new county was underway, *Ford v. Farmer et al.* (1848), 28 Tenn. 152; where the purpose of an appropriation did not clearly appear, *Southern v. Beeler et al.* (1946), 183 Tenn. 272, 195 S.W.2d 857; where a tax was levied without statement of the purpose for which the tax yield would be used, *Southern Railroad Company v. Hamblen County* (1905), 115 Tenn. 526, 92 S.W. 238; *Southern Railroad Company et al. v. Hamblen County et al.* (1906), 117 Tenn. 327, 97 S.W. 455; and where tax funds were used for other than their prescribed

purpose, *Kennedy v. Montgomery County* (1897), 98 Tenn. 165, 38 S.W. 1075.

It is beyond doubt that the wrong alleged in the original bill is public. It would be impossible for complainant to maintain that his injury is more individually grievous than that of any other citizen and taxpayer. The original bill alleges that complainant sues for himself and all other citizens and taxpayers of the City of Knoxville. The subject matter of this case is the alleged wrongful disposition of tax funds. We thus have a situation which embodies the alleged misuse of tax funds which is asserted to be an injury to all taxpayers; that is, a public injury.

The difficulty in the instant case lies in the fact that there is a concurrence of both public and private wrong. This, however, plays a limited decisional part; requiring a demand upon public authorities to rectify the alleged wrong prior to the initiation of such action by the citizen and taxpayer. *State ex rel v. Brown* (1929), 159 Tenn. 591, 21 S.W.2d 721.

Here, again, exception arises, and such demand is excused where the status and relation of the involved officials to the transaction in question is such that any demand would be a formality. *Burns et al. v. City of Nashville et al.* (1919) 142 Tenn. 541, 221 S.W. 828; *Malone et al. v. Peay et al.* (1927), 157 Tenn. 429, 7 S.W. 2d 40.

In the instant case, no demand upon the city was alleged; but, in this case, its absence does not undermine the standing of complainant to sue. The Mayor and Finance Director patently have interests contrary to this

action. Demand upon them would have been a vain formality.

██ The very significant question would remain—whether or not the use of tax funds alleged in the instant case is, in fact, unlawful. For obvious reasons, such a question cannot be resolved without allegation of such facts that, if proved, would reveal iniquity. This is clear from the opinion of this Court in *Burns v. City of Nashville*, supra. Beyond certain allegations that the action of the City Council of Knoxville, in authorizing the expense account, is "unlawful" and "unconstitutional," we find no compliance with the above.

It results that the action of the Chancellor, in sustaining the demurrer, is affirmed, for the reasons stated in this opinion. The costs of this appeal are taxed to the complainant.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.

Opinion on Petition to Rehear.

MR. JUSTICE CRESON.

A petition to rehear has been filed in this cause, the thrust of which is that the Court overlooked the facts (1) that the case was before the Court upon a demurrer to the original bill, and (2) that certain allegations of the bill alleged "facts" showing the iniquity or even worse, of the conduct of the defendants.

It is true that the case is here seeking review of a judgment of the Knox County Chancery Court sustaining a demurrer. In the original opinion, we did not agree with

the ground upon which the Chancellor based his decision, but did so, fully, with the result reached by him.

Counsel should recall that a large per cent of cases which come to this Court on direct appeal are those on demurrer; and the Court is fully familiar with the rules respecting review of such a case.

We feel it is entirely clear in the original opinion that the things this petition argues were overlooked were precisely the things that were considered in reaching the conclusion stated in the original opinion.

The petition to rehear is denied.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.