DON ZSELTVAY,                          )
                                       )
        Plaintiff/Appellant,           )
                                       )        Davidson County Circuit
                                       )        No.  96C-13
VS.                                    )
                                       )        Appeal No.
                                       )        01-A-01-9605-CV-00201
METROPOLITAN GOVERNMENT OF )
NASHVILLE AND DAVIDSON                 )
COUNTY, TENNESSEE,                     )
                                       )
        Defendant/Appellee.            )

FILED

October 18, 1996

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY

AT DAVIDSON COUNTY, TENNESSEE


HONORABLE HAMILTON V. GAYDEN, JR., JUDGE


DAN R. ALEXANDER, #7065
2016 8th Avenue South
Nashville, Tennessee 37204
ATTORNEY FOR PLAINTIFF/APPELLANT


ERIKA GEETTER, #14617
2016 8th Avenue South
Nashville, Tennessee 37204
ATTORNEY FOR DEFENDANT/APPELLEE


AFFIRMED AND REMANDED


                        HENRY F. TODD
                        PRESIDING JUDGE, MIDDLE SECTION


CONCUR:

SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

| DON ZSELTVAY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | Davidson County Circuit |
| | ) | No. 96C-13 |
| VS. | ) | |
| | ) | Appeal No. |
| | ) | 01-A-01-9605-CV-00201 |
| METROPOLITAN GOVERNMENT OF | ) | |
| NASHVILLE AND DAVIDSON | ) | |
| COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

# O P I N I O N

The plaintiff, Don Zseltvay, has appealed from the judgment of the Trial Court dismissing his suit to enforce the Tennessee Open Meetings Act as to an action of the Board of Parks and Recreation and to invalidate a resolution of the Metropolitan Council because it was not based upon a valid action of the Board.

The issues, as stated by appellant are:

      I.      Did the trial court err in dismissing the complaint for failure to state a cause of action upon which relief could be granted?

      II.     Did the trial court err in finding that the action of the Parks Board at its January 2, 1996 meeting ratified any technical mistakes relating to the April 4, 1995 Park Board's meeting nunc pro tunc?

The complaint alleges that:

1.      Plaintiff is a citizen of Nashville.

2.      Defendant's city is controlled by T.C.A. Title 7.

3.      This action is brought under T.C.A. § 8-102 et seq and the general jurisdiction of this Court.

4. On May 16, 1995, the Metropolitan Council adopted a resolution authorizing the purchase of 195.03 acres for use of the Board of Parks and Recreation, and stating:

> Whereas, the purchase has been approved by the Board of Parks and Recreation and the Metropolitan Planning Commission ...
>
> 5. The Metropolitan Charter provides that the Board of Parks and Recreation "shall recommend to the Council" --- the acquisition by condemnation or acceptance of any gift of lands offered for park or recreation purposes.
>
> 6. The "ordinance and laws" of the city require the approval of the Board prior to a Council resolution approving the purchase of such land.
>
> 7. The said resolution was passed prior to approval by the Board.
>
> 8. The approval by the Board was not passed at an "open meeting" and no vote was taken in any public meeting.

The complaint prayed for enforcement of T.C.A. § 38-44-106, the Public Meetings Law and invalidation of the Council resolution.

The defendant moved to dismiss for failure to state a claim for which relief can be granted. The memorandum supporting the motion asserts (1) that the complaint fails to state that any action was taken at a meeting which violated the Public Meeting Act. (2) That the complaint fails to state that the Council resolution was passed at a meeting which violated the Public Meetings Act, and (3) That the complaint does not establish standing of plaintiff to invalidate the Council resolution.

Plaintiff 's response to the motion to dismiss presents his affidavit with certain documents obtained from the office of the Board.

The Trial Court entered the following "Final Order."

This cause, brought pursuant to the Tennessee Open Meetings Act, T.C.A. § 8-44-101 et seq, came to be heard on the 9th day of February, 1996, before the Honorable Hamilton Gayden, Judge of the First Circuit Court for Davidson County, Tennessee, upon the Motion to Dismiss filed by Defendant, The Metropolitan Government of Nashville and Davidson County.

After consideration of the initial pleadings, Defendant's motion, the response thereto, Defendant's reply to that response, and accompanying memoranda of law, as well as arguments of both counsel in open court, this Court makes the following findings of fact and conclusions of law:

1.      A meeting of the Metropolitan Board of Parks and Recreation) ("Parks Board") occurred on April 4, 1995.

2.      At the April 4, 1995, Parks Board meeting, the subject of the acquisition of the Grassmere Wildlife Park Property by the Metropolitan Government was before the Parks Board and was fully discussed.

3.      There was public notice of the April 4, 1995, Parks Board meeting in accordance with the requirements of the Open Meetings Act.

4.      The Minutes of the April 4, 1995, meeting do not clearly reflect the Parks Board's approval of the acquisition of the Grassmere Park Property.

5.      A meeting of the Parks Board occurred on January 2, 1996.

6.      At the January 2, 1996, meeting of the Parks Board, a resolution was passed approving the acquisition of the Grassmere Wildlife Park Property and amending the minutes of the April 4, 1995 Meeting to reflect that approval.

7.      The plaintiff, Mr. Don Zseltvay, was present at the January 2, 1996 meeting of the Parks Board.

8.      The action of the Parks Board at its January 2, 1996, meeting ratified any technical mistakes relating to the April 4, 1995, Park Board's meeting nunc pro tunc.

On the basis of the above findings, this Court concludes that the Plaintiff has failed to state a claim upon which relief may be granted under the Tennessee Open Meetings Act, and that the Defendant is entitled to dismissal of this complaint against it.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1.      That all claims against defendant Metropolitan Government of Nashville and Davidson County, Tennessee, in this matter are hereby dismissed.

2.     That the costs in this action should be taxed to the plaintiff, for which execution may issue if necessary.

Although not mentioned in appellant's issues, the matter of standing should be discussed briefly. This suit is actually two actions, (1) a suit to enforce the Public Meetings Act, and (2) a suit for declaratory judgment invalidating the Council resolution.

Where a suit is brought under the Public Meetings Act and the relief sought was as allowed by that statute, the plaintiff's right to sue for that relief is determined by that statute and any reliance upon the Declaratory Judgment Law may be treated as surplusage for purposed of determining standing to sue under the Public Meetings Act, curve *Elementary School Parent and Teachers Organization v. Lauderdale County School Board*, Tenn. App. 1980, 608 S.W.2d 855.

A Tennessee Corporation located in Nashville has standing to sue to enforce the Public Meetings Law in respect to Nashville City Government actions. *Metro Air Research Testing Authority Inc., v. Metropolitan Government*, Tenn. App. 1992, 842 S.W.2d 611.

This Court concludes that an allegation of citizenship in Metropolitan Nashville states standing to sue to enforce the Public Meetings Act in respect to Metropolitan Boards.

That part of plaintiff's suit which sought to enforce the Public Meetings Act against the Board of Parks and Recreation was not subject to dismissal for lack of standing.

The motion to dismiss asserts that the complaint shows on its face that the Board took no official action at the meeting which is alleged to have violated the Public Meetings Law. The complaint states:

The approval by the board of Parks and Recreation cited by the Metropolitan cited by the Metropolitan Counsel in Substitute Resolution N. R95-1608 was not done at an open meeting in compliance with the Tennessee Open

Meetings Act T.C.A. § 8-44-102 et seq  There was no
vote taken in any public meeting to approve the purchase
of the real property as is required T.C.A. § 8-44-101 et
seq and § 8-44-104.

The complaint does not state affirmatively that any action was taken by the Board in violation of the Public Meetings Law.  For this reason, it fails to state a claim for which relief can be granted.

There is evidence in the record that after the passage of the Council Resolution, the Board, at a meeting in compliance with the Public Meetings Law, did formally approve the acquisition of the subject property.  This fact, if true, would not supply an allegation which is missing from the complaint.

It is apparent that the primary and ultimate purpose of appellant's suit is to prevent the acquisition of the subject land by the city by invalidating the Council resolution.  The complaint does not state grounds for this relief.

In the first place, the complaint does not allege facts which give appellant standing to challenge the resolution.

"Standing" is a judge-made doctrine used to refuse to determine the merits of a legal controversy irrespective of its correctness, where the party advancing it is not properly situated to prosecute the action.  Knierim Leatherwood, Tenn. 1976, 542 S.W.2d 806.

Without averment by the complaining litigant of a special interest, status or wrong, the courts will not permit private citizens to interfere with a municipal contract.  *Badgett v. Rogers*, 222 Tenn. 374, 436 S.W.2d 292.

The standing doctrine requires not only a distinct and palpable injury but also caused connection between the claimed injury and the challenged conduct. *Morristown Rescue Squad, Inc. v. Volunteer Development Co., Inc.* Tenn. App. 1990, 793 S.W.2d 262.

The complaint does not allege that the plaintiff is a taxpayer of the city and will suffer increased taxes, or any other circumstance that will produce personal loss or injury to him.

The complaint states:

> It shall recommend to the council (a) the sales of any lands owned by the metropolitan government for park or recreation purposes and no longer needed for such purposes, (b) the acquisition by condemnation of any additional lands needed for park or recreation purposes, and (c) the acceptance of any gift of lands offered for park or recreation purposes. In the acquisition or disposition of land, the board shall cooperate closely with the planning commission, whose recommendation shall be sought and carefully considered by the board.

A careful reading of the quoted charter provision discloses that it does not apply to all acquisitions of land for park purposes. It specifies: (a) acquisition by condemnation and (c) acceptance of gifts of land; but it does not mention purchase without condemnation, which is the transaction authorized by the Council resolution.

The resolution and option agreement exhibited to the complaint plainly state that the consideration for the transfer includes one dollar ($1.00) and other good and valuable considerations including the agreement of the city to reimburse the conveyor for specified maintenance and personnel expenses. Under these circumstances, the proposed acquisition was neither by condemnation nor by gift and was not governed by the quoted charter provision.

Since the charter provision is inapplicable, it is unnecessary for this Court to determine whether it invalidates any action of the city Council which is not approved by the Parks Board. -8-

The judgment of the Trial Court is affirmed.  Costs of this appeal are taxed against appellant.  The cause is remanded to the Trial Court for any necessary further proceedings.

**AFFIRMED AND REMANDED.**

 

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE