FILED

July 31, 1998

Cecil W. Crowson
Appellate Court Clerk

**IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE**

DON ZSELTVAY,                           )
                                        )
    Plaintiff/Appellant,            )
                                        )    Appeal No.
                                        )    01-A-01-9710-CV-00587
VS.                                     )
                                        )    Davidson Circuit
                                        )    No. 96C-13
METROPOLITAN GOVERNMENT OF  )
NASHVILLE AND DAVIDSON                  )
COUNTY, TENNESSEE,                      )
                                        )
    Defendant/Appellee.             )


APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE HAMILTON V. GAYDEN, JR., JUDGE


DAN R. ALEXANDER
2016 8th Avenue South
Nashville, Tennessee 37204
    Attorney for Plaintiff/Appellant

JAMES L. MURPHY III
Director of Law
The Department of Law of the Metropolitan
  Government of Nashville and Davidson County

RACHEL D. ALLEN
LIZABETH D. FOSTER
THOMAS G. CROSS
Metropolitan Attorneys
204 Metropolitan Courthouse
Nashville, Tennessee 37201
    Attorneys for Defendant/Appellee


AFFIRMED IN PART; REVERSED IN PART
AND REMANDED


BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# O P I N I O N

The plaintiff claimed that Nashville's Board of Parks and Recreation conducted its business in such a way as to violate the Open Meetings Act, Tenn. Code Ann. § 8-44-101, et seq. The trial court refused to discipline the Board, dismissing the complaint against it on a finding that the Board had committed a merely technical violation of the Act. We reverse, and direct the court to impose judicial oversight upon the Board, as is required by the Act, but we decline to comply with the plaintiff's request that we declare the Board's action to be void and of no effect.

## I.

On April 4, 1995, the Board of Parks and Recreation of Nashville and Davidson County (the Board) held its regular monthly meeting. The matters on the agenda included consideration of the acquisition of a 195 acre tract of real estate known as Grassmere Wildlife Park. It is undisputed that prior to this meeting, the Board met the public notice requirements of Tenn. Code Ann. § 8-44-103 of the Open Meetings Act. The only reference to Grassmere in the subsequently published minutes of the meeting of April 4 are found as follows under the heading of Old Business:

### GRASSMERE WILDLIFE PARK UPDATE

Mr. Bob Sullivan, President and CEO of Cumberland Museums, was present to answer questions from the Board regarding the acquisition. Ms. Erika Geetter, attorney for the Metropolitan Government was also present to introduce the proposed management agreement for Grassmere Wildlife Park. All proposed agreements are subject to Metropolitan Council approval.

On May 16, 1995, the Metro Council (the Council) adopted a resolution approving the purchase of Grassmere. The resolution recited that the purchase had

been approved by the Board of Parks and Recreation and the Metropolitan Planning Commission.

On January 2, 1996, Donald Zseltvay filed a complaint in the Circuit Court for Davidson County. He claimed that the Board had never taken a vote on the acquisition of Grassmere, and that since the Metro Charter required that the Metro Council obtain the approval of the Board prior to the acquisition of any land for recreational purposes, the Council's action was null and void. He also claimed that the Board had violated the Open Meetings Act.

On that same day, the Board of Parks and Recreation held another regularly scheduled meeting, at which Mr. Zseltvay was present. Prompted in part by a letter from Erika Geetter which pointed out the deficiency in the minutes of the earlier meeting, the Board took the action which is described in the minutes of the January 2 meeting as follows:

### GRASSMERE WILDLIFE PARK UPDATE

It was also noted that during the April 1995 Park Board meeting the sale of the Grassmere property to Metro as well as the proposed management agreement for the running of the park were discussed by the Board. However the April minutes do not reflect the action taken by the Board to accept the Grassmere Property and proceed with the acquisition. Upon motion of Ms. Jones, seconded by Mr. Fossick, the Board unanimously accepted and approved the acquisition of Grassmere. The Board further resolved that the minutes of the April 1995 meeting should be amended to reflect the Park Board's approval.

After a hearing on Mr. Zseltvay's complaint, the trial court found that the Board had corrected any technical mistakes relating to its meeting of April 4, 1995, and dismissed the complaint for failure to state a claim upon which relief may be granted. The plaintiff subsequently appealed.

On January 6, 1997, this Court filed an opinion which affirmed the trial court in part and reversed it in part. We found that Mr. Zseltvay lacked standing to challenge the Metro Council's purchase of the Grassmere property, because he did not allege any personal interest in the property, or that he would suffer any damages or injuries from the completion of the transaction "different in character or kind from those sustained by the public at large." Quoting from *Badgett v. Rogers*, 436 S.W.2d 292, 294, 222 Tenn. 374, 379 (1968).

We also held that the provision of the Metro Charter which requires a recommendation by the Board prior to the acquisition of property did not apply to the transaction in question, because it specifies only acquisition by condemnation and acceptance of gifts of land, but does not mention purchase without condemnation, which was the transaction authorized by the Council resolution. See Metro Charter Sec. 11.1002(5). We accordingly affirmed the trial court's dismissal of Mr. Zseltvay's claim against the Metro Council.

However we noted that Tenn. Code Ann. § 8-44-106 of the Open Meeting Act gives the courts jurisdiction to enforce the Act "upon application of any citizen of this state." Thus there was no question of standing to prevent Mr. Zseltvay from pursuing his action against the Board of Parks and Recreation, and we reversed that portion of the trial court's order that dismissed his claim against the Board for violating the Act.

On remand, the trial court heard evidence from four witnesses including Mr. Zseltvay, after which it again dismissed his claim. In its findings of fact and conclusions of law, the court found that the Board fully discussed the subject of the acquisition of the Grassmere Wildlife Park property at its meeting of April 4, 1995; that the minutes of that meeting do not clearly reflect the Board's vote of approval of the acquisition of the Grassmere property; and that the meeting of January 2, 1996 was

an open meeting pursuant to the Act, at which the Board cured any technical violation relating to the earlier meeting.  The present appeal followed.

## II.

The policy behind the Public Meetings Act is stated clearly and simply in Tenn. Code Ann. § 8-44-101: "The general assembly hereby declares it to be the policy of this state that the formation of public policy and decisions is public business and shall not be conducted in secret."  To this end, other provisions of the Act require that meetings of any governing body be open to the public, Tenn. Code Ann. § 8-44-102, that adequate public notice be given of the regular and special meetings of governmental bodies, Tenn. Code Ann. § 8-44-103, that the minutes of any such meeting be promptly and fully recorded, and be open to public inspection, Tenn. Code Ann. § 8-44-104(a), and that all votes of governmental bodies be public, Tenn. Code Ann. § 8-44-104(b).

The chief violation of the Act alleged by the appellant involves Tenn. Code Ann. § 8-44-104(a) which reads in its entirety as follows:

> (a)    The minutes of a meeting of any such governmental body shall be promptly and fully recorded, shall be open to public inspection, and shall include, but not be limited to, a record of persons present, all motions, proposals and resolutions offered, the results of any votes taken, and a record of individual votes in event of roll call.

The appellee admits that it failed to fully record the minutes of its meeting of April 4, 1995, but insists that an open vote was taken in accordance with the Act, that the failure to record it was inadvertent, and that the error was corrected by its subsequent modification of the minutes on January 2, 1996.  As we stated above, the trial court issued findings of fact and conclusions of law that were consistent with the appellee's theory.  The trial court stated that any violation of the

Open Meetings Act on the part of the Board was a "technical violation", and a "violation . . . of form rather than substance."

### III.

Our review of the findings of fact of the trial court is governed by Rule 13(d) of the Rules of Appellate Procedure, which states that such findings shall be accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Thus, we must affirm the court's finding that the Board fully discussed and voted upon the recommendation as to the acquisition of Grassmere, unless the evidence preponderates otherwise.

Three witnesses who were present at that meeting testified at trial on September 2, 1997. Jim Fyke, the Director of the Board of Parks and Recreation, testified that there had been an open and full discussion of the acquisition at the April 1995 meeting, but he could not swear that there was a vote taken, because he did not remember. Edwin Bryan, a Board member, stated that he could not at all remember what happened at that meeting. Edward Fossick, another Board member, testified that a vote was taken to forward the Board's recommendation to the Metro Council for their approval of the acquisition.

While the issue is not free from doubt, we cannot say that the evidence preponderates against the factual findings of the trial court, in view of the testimony presented, and considering the long interval between the meeting in question and the time of trial.

The trial court's conclusions of law, as opposed to its findings of fact, are reviewed on appeal with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993); *Jahn v. Jahn*, 932 S.W.2d 939 (Tenn. App.

1996). The appellant argues, correctly we believe, that the Act does not make a distinction between technical and substantive violations of its provisions. He then urges us to impose all the sanctions required by the Act for a violation which the trial court acknowledged to have occurred.

The appellant cites us to the case of *Neese v. Paris Special School District*, 813 S.W.2d 432 (1990) for the proposition that the action taken by the Board at its meeting of January 2, 1996 was not adequate to correct its earlier violation of the Act. In the *Neese* case, a quorum of the members of the Board of Education of the Paris, Tennessee Special School District gathered for a retreat at a Kentucky resort with the Superintendent of the District. At the gathering, they discussed at length the issue of "clustering" which involved the Board's organization of the schools, and which was of great public interest. Though a local newspaper and a radio station had reported on plans for the upcoming Kentucky retreat, the public was never notified that clustering would be discussed.

At the next regularly scheduled meeting of the Board, the Superintendent was instructed to prepare a clustering plan for the upcoming school year, and at the following regular meeting the Superintendent's plan was adopted by the Board. The plaintiffs claimed that the Kentucky gathering was in violation of the Open Meetings Act, and that the Board's subsequent decision on clustering should be voided, because it was based upon deliberations in which the public played no part.

The trial court found that the Board did not violate the Act. On appeal, this court reversed, finding that the Kentucky gathering had to be considered a meeting under the Open Meetings Act, and that the public was not given adequate notice pursuant to the Act. We held, however, that the clustering plan did not have

to be voided, because prior to its adoption it was subjected to new and substantial consideration in a public forum. The court stated that,

> "We do not believe that the legislative intent of this statute was forever to bar a governing body from properly ratifying its decision made in a prior violative manner. However, neither was it the legislative intent to allow such a body to ratify a decision in a subsequent meeting by a perfunctory recrystallization of its earlier action."

813 S.W.2d at 436.

The appellant argues that the actions taken in the instant case during the Board's January 2, 1996 meeting involved just such a "perfunctory recrystallization" of its earlier action, and that the Board, therefore did not properly ratify its earlier decision in accordance with the dictates of *Neese,* supra.

If, however, we accept the trial court's finding (which we do) that the question of the acquisition of Grassmere received a full, fair and open hearing pursuant to the Act at the meeting of April 4, 1995, then the Board's previous decision was not made in a violative manner. The Board performed a valid and necessary remedial action by subsequently amending its minutes, and it was not obligated to debate the question afresh before doing so. Nonetheless, we agree with the appellant that strict compliance with the Act is a necessity if it is to be effective, and we must continue our inquiry by examining the remedies available for its violation.

## IV.

Remedies for violation of the Open Meetings Act are found in the Act itself. Tenn. Code Ann. § 8-44-105 states in relevant part that "[a]ny action taken at a meeting in violation of this part shall be void and of no effect . . . ." Another section, Tenn. Code Ann. § 8-44-106 reads:

> (c)    The court shall permanently enjoin any person adjudged by it in violation of this part from further violation of

this part. Each separate occurrence of such meetings not held in accordance with this part constitutes a separate part.

(d)    The final judgment or decree in each suit shall state that the court retains jurisdiction over the parties and subject matter for a period of one (1) year from date of entry, and the court shall order the defendants to report in writing semiannually to the court of their compliance with this part.

While the remedies of Tenn. Code Ann. § 8-44-105 and 106 are not meant to be mutually exclusive, Tenn. Code Ann. § 8-44-105 appears to be inapplicable to this case.

The sanction of Tenn. Code Ann. § 8-44-105 applies to "[a]ny action taken at a meeting in violation of this part," and it is at least arguable that the failure to include an account of the vote in the subsequently-published minutes of the April 4 meeting was not an action taken at that meeting.  The appellant acknowledges that there had been adequate notice of the meeting, and that it was open to the public. We thus see no reason in law or in equity to declare the action void.

On the other hand, Tenn. Code Ann. § 8-44-106 appears to supply a remedy appropriate to the circumstances of this case.  Though the appellee argues that imposition of sanctions would have no purpose other than to embarrass the Board, we do not agree.  The Legislature obviously felt that the use of injunction and the application of judicial oversight to the activities of a governmental body in violation of the Act was the best guarantee of subsequent compliance. We therefore direct the trial court to impose the above-mentioned sanctions upon the Board in accordance with §§ 8-44-106(c) and (d).

Finally, we must note that although the appellant's brief focused on his claim against the Board of Parks and Recreation, his attorney expressed at oral argument his client's hope that a favorable ruling on those questions could somehow be bootstrapped into a reversal of this court's rejection of his claim against the Metro

Council.  We must therefore reiterate our earlier ruling: the appellant failed to demonstrate that he has standing to challenge Metro's contract to purchase Grassmere.  That ruling has become the law of the case by virtue of the appellant's failure to appeal it to the Supreme Court, and it cannot be reversed.

**V.**

The order of the trial court is reversed in part and affirmed in part.  Remand this cause to the Circuit Court of Davidson County for further proceedings consistent with this opinion.  Tax the costs on appeal to the Metropolitan Government of Nashville and Davidson County.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WILLIAM C. KOCH, JR., JUDGE

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

DON ZSELTVAY,                           )
                                        )
    Plaintiff/Appellant,        )
                                        )
                                        )    Appeal No.
                                        )    01-A-01-9710-CV-00587
VS.                                     )
                                        )    Davidson Circuit
                                        )    No. 96C-13
METROPOLITAN GOVERNMENT OF              )
NASHVILLE AND DAVIDSON                  )    Affirmed in Part; Reversed
COUNTY, TENNESSEE,                      )    in Part; and Remanded
                                        )
    Defendant/Appellee.         )

## J U D G M E N T

This cause came on to be heard upon the record on appeal from the Circuit Court of Davidson County, briefs and argument of counsel; upon consideration whereof, this Court is of the opinion that the trial court committed reversible error by dismissing the plaintiff's complaint in its entirety, thus foreclosing the possibility of any judicial remedy for an admitted violation of the Public Meetings Act. In all other respects, the judgment of the trial court is affirmed.

In accordance with the opinion of the Court filed herein, it is, therefore, ordered and adjudged by this Court that the judgment of the trial court be reversed in part and affirmed in part. The cause is remanded to the Circuit Court of Davidson County for further proceedings in accordance with the opinion filed herein and for the collection of the costs accrued below.

Costs of this appeal are taxed against the Metropolitan Government of Nashville and Davidson County for which execution may issue if necessary.

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE