IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 15, 2001 Session

## GRACE FELLOWSHIP CHURCH OF LOUDON COUNTY, INC., v. LENOIR CITY BEER BOARD and K-VA-T FOOD STORES, INC., d/b/a FOOD CITY

Direct Appeal from the Chancery Court for Loudon County
No. 9739     Hon. Frank V. Williams, III., Judge

FILED JANUARY 23, 2002

No. E2000-02777-COA-R3-CV

The Trial Court voided Beer permit issued by the Beer Board. We vacate the Trial Court's Judgment and remand to the Board to reconsider the application on grounds the Board's actions were in violation of the Open Meetings Act.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Vacated.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

M. Shannon Littleton, Lenoir City, Tennessee, for Appellant, Lenoir City Beer Board.

J. Eric Harrison, Morristown, Tennessee, for Appellant, K-VA-T Food Stores, Inc.

Rex A. Dale, Lenoir City, Tennessee, for Appellee, Grace Fellowship Church of Loudon County, Inc.

### OPINION

K-VA-T Food Stores, Inc., d/b/a Food City ("Food City"), has appealed the decision of the Chancellor nullifying its permit to sell beer issued by the Lenoir City Beer Board. Food City applied for a permit for off-premises beer sales to the Board, and on April 19, 1999, the Board met and the handwritten minutes of the meeting in their entirety read:

The Lenoir City Beer Board met April 19, 1999 at 10:00 a.m. at City Hall to consider the application of Jane N. Mosier for the off premises beer permit for K-VA-T Food Stores, Inc., Food City store #650 at 455 Hwy 321. The permit was not approved. Plemons Yes, Littleton No /s/ Billy Joe Littleton, Sec.[1]

The record reveals that the Board met again on May 3, 1999, and the minutes of this meeting in their entirety read:

The Lenoir City Beer Board met at City Hall on May 3, 1999 at 10:00 to reconsider the application of K-VA-T Food Stores for off premises permit, at 455 Highway 95/321. Moved by Plemons to approve the permit. 2nd by Littleton. Plemons Yes. Littleton Yes /s/ Billy Joe Littleton, Sec.

The Grace Fellowship Church of Loudon County, Inc., appealed the Beer Board's decision to the Chancery Court.

Upon hearing the matter, the Chancellor refused to consider any evidence as to what occurred at the meetings, other than what was reported in the Minutes, ruled that the second meeting was void, in violation of the Open Meetings Act, and determined from the Minutes of the first meeting that the application for the permit to sell beer failed.

On appeal, Food City argues that the Grace Fellowship Church had no standing to contest the issuance of the permit to sell beer, and the second meeting did not violate the Open Meetings Act, or in the alternative that the Board had already issued a permit in violation of the "within 300 feet of a place of public gathering" and refusal to issue this permit would result in "discriminatory application" which should invalidate the Rule. The Chancellor pretermitted the latter issue.

In order to challenge the finding of a Board or Commission as an "aggrieved person" by the statutory writ of certiorari, that person must allege facts demonstrating they were adversely affected and have special interest in the final decision because they incur a special injury not common to the general public. *League Central Credit Union v. Mottern*, 660 S.W.2d 787, 791 (Tenn. Ct. App. 1983). *Also see: Bennett v. Sutts*, 621 S.W.2d 575 (Tenn. 1975). We have previously ruled that a church does have standing as an aggrieved party, and incurs a special injury not common to the public at large for the revocation of a beer permit issued in violation of a distance requirement ordinance. *United Methodist Church v. Loudon County Beer Bd.,* 1998 Tenn. App. Lexis 509 (No. 03A01-9710-CH-00477), *perm. app. denied.*

---

[1]The Municipal Ordinance provides that the Beer Board is comprised of three members with a majority vote is required to issue a permit. However, at all times relevant here, a vacancy was unfilled and the Board was comprised of only two members.

The Chancellor was in error in refusing to consider evidence which did not vary or contradict the Minutes. *See Cagle v. Wheeler*, 242 S.W.2d 338 (Tenn. Ct. App. 1951), *Foust v. May*, 660 S.W.2d 487 (Tenn. 1983); *First Tenn. Bank Nat. Ass'n. V. Athletic Ind. Intern.,Inc.,* 1989 WL37261 (Tenn. Ct. App. Apr. 20, 1989).

The Board was bound to comply with the Open Meetings Act, Tenn. Code Ann. §8-44-101 *et seq.*, the "Sunshine Law", and the efforts of Food City to present to the Court what transpired before the Board is a cogent reminder of why Tenn. Code Ann. §8-44-104(a) was enacted.

Tenn. Code Ann. §8-44-104(a) requires that meetings' minutes "shall include, but not be limited to, a record of the persons present, all motions, proposals and resolutions offered, the results of any votes taken, and a record of individual votes in the event of a roll call." The April 19th Minutes used as the sole basis of the Chancellor's finding are defective under the terms of the Open Meetings Act, as well as the Minutes of the May 3rd meeting. Strict compliance with Tenn. Code Ann. §8-44-104(a) is necessary with respect to the matters required to be recorded and included in the minutes of the Board. The Act "does not distinguish between technical and substantive violations." *Zseltvay v. Metro Gov't. Of Nashville and Davidson County,* 986 S.W.2d 581 (Tenn. Ct. App. 1998), *cert. denied* (1999).

There are two remedies provided in the Act for violations of this Section, and are not meant to be mutually exclusive. *Id.* at 585. The Court, in *Zseltvay* at 585 observed:

> Remedies for violation of the Open Meetings Act are found in the Act itself. Tenn. Code Ann. §8-44-105 states in relevant part that "[a]ny action taken at a meeting in violation of this part shall be void and of no effect. . . ." Another section, Tenn. Code Ann. §8-44-106 reads:
>
>> (c) The court shall permanently enjoin any person adjudged by it in violation of this part from further violation of this part. Each separate occurrence of such meetings not held in accordance with this part constitutes a separate part.
>>
>> (d) The final judgment or decree in each suit shall state that the court retains jurisdiction over the parties and subject matter for a period of one (1) year from date of entry, and the court shall order the defendants to report in writing semiannually to the court of their compliance with this part.

We believe the appropriate remedy in this case is to void the actions taken by the Beer Board at both meetings, and remand to the Board to consider anew the application of Food City for a permit. We will not invoke the statutory remedy of injunctive relief, but will indulge the presumption that the members of the Beer Board, as public officials, will carry out their duties as required by the Open Meetings Act.

The Judgment of the Trial Court is vacated and the cause is remanded to the Chancery

Court which is directed to remand the matter to the Beer Board to comply with all of the requirements of the Open Meetings Act when it considers Food City's Application.

The cost of the appeal is assessed to Lenoir City Beer Board, City of Lenoir City.

_____
HERSCHEL PICKENS FRANKS, J.