IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 6, 2020 Session

## STEVEN SUDBURY v. SUMNER COUNTY REGIONAL AIRPORT AUTHORITY

**Appeal from the Chancery Court for Sumner County**
**No. 2015-CV-4      Kathryn Wall Olita, Judge**

_____

### No. M2019-01322-COA-R3-CV

_____

The plaintiff filed this action against his employer for breach of contract by failing to provide the plaintiff with severance pay after the employer terminated the contract without cause. The trial court granted summary judgment to the plaintiff, determining that it was undisputed that the plaintiff was terminated without cause, which entitled him to severance pay pursuant to the employment contract. On appeal, the defendant argues that a genuine issue of material fact exists and that the trial court erred in granting the plaintiff's motion for summary judgment by failing to conduct an objective inquiry as to whether cause was present to terminate the plaintiff's employment. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Gregory Hall Oakley, Nashville, Tennessee, for the appellant, Sumner County Regional Airport.

Jonathan L. Bobbitt and Emily Stone Emmons, Franklin, Tennessee, for the appellee, Steven Sudbury.

## OPINION

Steven Sudbury ("Mr. Sudbury") entered into a written employment agreement (the "Employment Agreement") with the Sumner County Regional Airport Authority ("the Airport Authority") on February 25, 2013. The Employment Agreement was for a term of five years, and Mr. Sudbury was to be paid $3,750.00 per month plus benefits,

with the option of annual increases at the discretion of the Airport Authority Board of Directors.

Pursuant to the Employment Agreement, Mr. Sudbury's employment could be terminated by either Mr. Sudbury or the Board. In pertinent part, Paragraph 7 provided that if the Airport Authority terminated the Employment Agreement without cause, Mr. Sudbury would be entitled to severance pay for the remainder of the term, but no less than twelve (12) months of compensation. The severance pay was to be paid monthly at Mr. Sudbury's rate of base salary pay at the time his contract was terminated without cause.

The Employment Agreement was executed by Chairman of the Board David Hunter, and the attorney for the Airport Authority, Arthur E. McClellan, on February 25, 2013, following approval from the Board of Directors. Four months later, in June 2013, a new Board of Directors began operating the Airport Authority with James Egan serving as Chairman of the Board.

At the Board's meeting on October 28, 2013 (the "October Meeting"), Board Member Diana Denson made a motion for the Board to declare its intent for Mr. Sudbury to be an "independent contractor" rather than an "employee," as he was characterized in the Employment Agreement. The Board then voted to "rule [Mr. Sudbury's] current contract invalid," but it also voted "that Mr. Sudbury continue to work at current pay level and current duties until further notice." The Board did not cite or discuss cause for invalidating the contract aside from its desire that Mr. Sudbury be an independent contractor rather than an employee.

At its meeting on November 25, 2013 (the "November Meeting"), the Board articulated its belief that the Employment Agreement was void and voted to terminate Mr. Sudbury as administrator with 90-days severance pay.

On January 9, 2015, Mr. Sudbury filed a complaint against the Airport Authority in Sumner County Chancery Court. Mr. Sudbury alleged that the Airport Authority materially breached the Employment Agreement by paying him 90-days severance pay (approximately $11,250) instead of 51-months of severance pay (approximately $180,000) as required by Paragraph 7 of the Employment Agreement. The Airport Authority filed an answer, asserting that Mr. Sudbury was not entitled to severance pay because the Employment Agreement was terminated for cause.

On November 7, 2019, and after discovery, Mr. Sudbury filed a motion for summary judgment contending he was entitled to judgment as a matter of law because the Airport Authority failed to produce evidence that it terminated the Employment Agreement for cause.

The trial court granted Mr. Sudbury's motion for summary judgment, determining that no genuine issue of material fact existed. More specifically, the court held that it was undisputed that the Airport Authority terminated the Employment Agreement without cause, and therefore, Mr. Sudbury was entitled to severance pay for the remainder of the contract term. The trial court entered a final judgment in favor of Mr. Sudbury on June 27, 2019.

This appeal followed.

## ISSUE

The sole issue raised by the Airport Authority is whether the trial court erred in granting summary judgment in favor of Mr. Sudbury. Mr. Sudbury phrased the issue as follows:

> Was the Trial Court correct in granting summary judgment to Plaintiff on his breach of contract claim where it was undisputed that Plaintiff's employment contract was terminated for a reason that did not fall within the "with cause" provision of the contract and Defendant failed to comply with its obligations set-forth in the "without cause" provision of the contract?

## STANDARD OF REVIEW

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id*. In so doing, we consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When a motion for summary judgment is made and supported as provided in Tenn. R. Civ. P. 56, the nonmoving party may not rest on the allegations or denials in its pleadings. *Rye*, 477 S.W.3d at 265. Instead, the nonmoving party must respond with specific facts showing there is a genuine issue for trial. *Id*. A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id*.

To satisfy the requirements of Rule 56 when the moving party bears the burden of proof, as is the case here, "that party must produce at the summary judgment stage evidence that, if uncontroverted at trial, would entitle it to a directed verdict." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 888 (Tenn. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).

## ANALYSIS

In a breach of contract action, the elements of the plaintiff's burden of proof include "the existence of a valid and enforceable contract, a deficiency in the performance amounting to a breach, and damages caused by the breach." *Fed. Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011). When interpreting a contract, "the words expressing the parties' intentions should be given their usual, natural and ordinary meaning." *Forrest Const. Co., LLC v. Laughlin*, 337 S.W.3d 211 (Tenn. Ct. App. 2009) (citing *Taylor v. White Stores, Inc.*, 707 S.W.2d 514 (Tenn. Ct. App. 1985)).

There is no dispute that the Airport Authority and Mr. Sudbury entered into a valid contract on February 25, 2013; nevertheless, the Airport Authority contends that the Employment Agreement was no longer valid when the Board voted to terminate Mr. Sudbury's employment at the November Meeting. Alternatively, if the Agreement was still valid, the Airport Authority asserts that it fulfilled its obligations under the Agreement because the Board had cause for terminating Mr. Sudbury.[1]

Conversely, Mr. Sudbury maintains that the Airport Authority failed to produce evidence that it terminated him for any reason other than a desire for him to "be an independent contractor," as recorded in the minutes of its October Meeting.

The Airport Authority contends it did not breach the Employment Agreement in November when it voted to terminate Mr. Sudbury's employment because the month before, at the October Meeting, the Board "ruled the current contract invalid." Because the Agreement was invalid, void as of the November Meeting, the Airport Authority contends it was absolved of its duties when it terminated Mr. Sudbury's employment at the November Meeting. We respectfully disagree with this novel argument for several reasons.

The Employment Agreement reads in pertinent part:

---

[1] The relevant provision of the Employment Agreement reads as follows:

> 8. TERMINATION BY THE BOARD WITH CAUSE. The Board, as its option, may terminate this agreement with cause at any time, without advance notice if the Employee has been convicted of a crime involving a breach of professional ethics or moral turpitude or a felony of any type, or the Employee is engaged in conduct which constitutes a material breach of this Agreement. The Board will determine if severance pay or other benefits are entitled, following such action.

Board may terminate **this Agreement** without cause. . . . **In the event the Board terminates this Agreement without cause**, the Employee shall be compensated for the remainder of the contract term, but no less than twelve (12) months of compensation.

(Emphasis added).

The undisputed fact is that the Board did indeed terminate "this Agreement" at the October Meeting by ruling that it was "invalid." The October minutes also clearly state that the reason for invalidating the Agreement was because the Board wanted Mr. Sudbury to be an independent contractor instead of an employee. Further, the minutes clearly establish that Mr. Sudbury was not terminated for cause because the minutes affirmatively state that Mr. Sudbury would continue to serve as its administrator at the same pay and benefits as before, which directly conflicts with and completely negates the Board's contention that Mr. Sudbury's employment was terminated for cause.

Nevertheless, the Board asks us to ignore its minutes and official actions and explanations for its official actions so it can tell an entirely different story. But it is not at liberty to do so. As a public governing body, the Airport Authority's Board of Directors is bound by the Open Meetings Act, Tenn. Code Ann. § 8-44-101 to -111. "The policy behind the [Act] is stated clearly and simply in Tenn. Code. Ann. § 8-44-101: 'The general assembly hereby declares it to be the policy of this state that the formation of public policy and decisions is public business and shall not be conducted in secret.'" *Zseltvay v. Metro. Gov't of Nashville & Davidson Cty.*, 986 S.W.2d 581, 583 (Tenn. Ct. App. 1998) (quoting Tenn. Code Ann. § 8-44-101(a)). The Act requires that all votes of the governing body be by public vote, public ballot, or public roll call, and prohibits governing bodies from conducting secret votes. Tenn. Code Ann. § 8-44-104. Further, the Act requires that the minutes of a meeting of a governing body to be promptly and fully recorded, and open to the public. *Id*. The Open Meetings Act defines "governing body" as a "public body which consists of two (2) or more members, with the authority to make decisions for or recommendations to a public body on policy or administration." Tenn. Code Ann. § 8-44-102(b)(1)(A).

Thus, as the governing body of the Airport Authority, the Board was required to conduct business in public and to keep official records of the business it conducts. As we explained in *Zseltvay*, "strict compliance with the Act is a necessity if it is to be effective." 986 S.W.2d at 585. Accordingly, the Board was required to reflect all decisions within its published minutes as evidence of its official decisions. Thus, the minutes from the Board's meetings serve as the official record for the Board's decision to terminate the Employment Agreement.

The relevant portion of the October Meeting minutes is quoted as follows:

Motion by Mr. Downs that we establish a special meeting date to discuss this matter. Second by Mr. Berwind. Motion withdrawn.

Motion by Dr. Taylor that we revisit the contract to bring it into compliance with the wishes of the [Airport Authority]. No second made.

Motion by Mrs. Denson that we discuss whether to have an employee or independent contractor as manager. Second by Mr. McConnell- Motion withdrawn.

Discussion of the contract included comments by Attys. Mark Smith and Josh Sudbury.

**Motion by Mrs. Denson that we desire that our airport manager to be an independent contractor.**

**Second by Mr. Downs. Motion amended by Mr. Drayton that this motion rules the current contract invalid.** Amendment seconded by Dr. Taylor. Vote on amendment- motion passed. Motion as amended- Passed

New Business:
Motion by Mr. Williams, second by Mr. Downs that Mr. Sudbury continue to work at current pay level and current duties until further notice. Motion passed.

(Emphasis added).

The only discussion of Mr. Sudbury's employment stems from Mrs. Denson's motion to discuss whether to have an employee or independent contractor serve as the Airport manager. Following Mrs. Denson's motion, the Board addressed the Employment Agreement. The Board then voted and passed a motion by Mrs. Denson, as amended by Mr. Drayton, that the Board desired the Airport manager to be an independent contractor and voided the Agreement.

Furthermore, Mr. Egan, the Chairman of the Board, testified by deposition that the reason for voiding the Employment Agreement at the October Meeting was the Board's desire for the Airport manager to be an independent contractor. Mr. Egan testified as follows:

Q.     And the reason the only reason that that contract was unilaterally terminated at that time was because the authority desired that Mr. Sudbury be an independent contractor and not an employee, correct?

A.     At that time, yes.

Q.     Right. So[,] when you say "at that time," that's the only time, correct, that the contract was terminated.

A.     Yes.

Q.     I just want to make sure there's not another time that I—

A.     That's the only time we took a vote on the contract that affected the contract. Yeah.

Q.     And in that meeting, nobody brought up anything about Mr. Sudbury's work performance, correct?

A.     That's correct.

Q.     They didn't bring up anything about him being incompetent, correct?

A.     Correct.

Q.     Nobody said anything about him being lazy in that meeting, did they?

A.     No.

Q.     In fact, he was allowed to keep working, wasn't he?

A.     Yes.

Q.     He was allowed to keep doing the same duties he had been doing, right?

A.     Yes.

The testimony by Mr. Egan supports the fact that the Board did not terminate the Employment Agreement for conduct that constituted "a material breach of [the] Agreement."

The Open Meetings Act requires the Board's decisions to be reflected in the minutes of the October Meeting. *See* Tenn. Code Ann. § 8-44-104. Therefore, even if the Board did discuss other reasons for terminating Mr. Sudbury's employment, the only competent evidence for its official decision to terminate "this Agreement" is the singular reason cited in the October Meeting minutes. *See id*. The minutes from the October Meeting state that the Agreement was terminated solely because the Board wanted Mr.

Sudbury to be an "independent contractor." Therefore, no rational trier of fact could conclude that the Board terminated the Employment Agreement for cause as required by Paragraph 8 of the Agreement.

The Airport Authority proffers another argument to show that the trial court erred in granting summary judgment in favor of Mr. Sudbury. The contention is that the trial court failed to perform "an objective inquiry" as to whether cause existed to terminate Mr. Sudbury. The Airport Authority contends that deposition testimony provided objective evidence of just cause to terminate Mr. Sudbury. We disagree because the Board deliberations and decisions must be in public, and those decisions must be set forth in its official minutes. To consider proffered evidence that is in direct conflict with the Board's actions and the reasons given for those actions, as reflected in its official minutes, would completely undermine the letter and the spirit of the Open Meetings Act. Thus, we find no merit to the objective evidence argument.

For the foregoing reasons, we affirm the judgment of the trial court.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Sumner County Regional Airport Authority.

_____
FRANK G. CLEMENT JR., P.J., M.S.